107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vache NERCESSIAN, Defendant-Appellant.
 No. 96-55414.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 7, 1997.
 
 Before: CANBY, HAWKINS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Vache Nercessian appeals pro se the district court's denial of his motion for civil contempt against the United States for its failure to supply him with a list of seized items as previously ordered by the district court. Nercessian also appeals the district court's denial of his motion for reconsideration of its order denying his request for the return of an IBM laptop computer.
 
 
 3
 Nercessian contends the government should be held in contempt because it violated the district court's order directing the government to provide a list of seized items to Nercessian. In its order of 2/28/96, the district court found that the government complied with that portion of its order requiring the government to return to Nercessian certain documents, two briefcases and their contents. We agree with the district court's conclusion that although the government failed to provide a list of all the returned items, it had substantially complied with the order, and therefore should not be held in contempt. See Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466 (9th Cir.1989).
 
 
 4
 Nercessian also seeks the return of an IBM computer which he claims was not part of the assets of the Chipp Club (the corporation established by Nercessian to carry out a wire fraud conspiracy), but was actually his personal computer. We defer to the district court's findings in its order of 9/8/95, that the government provided evidence that the IBM computer in its possession was seized from the Chipp Club, that Nercessian stipulated to the forfeiture of that laptop, and that Nercessian has failed to introduce any evidence that there is another seized IBM computer in the government's possession. See Exxon Co. v. Sofec, Inc., 54 F.3d 570, 576 (9th Cir.1995), aff'd, 116 S.Ct. 1813 (1996). Accordingly, we affirm the district court's denial of Nercessian's motions.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3